IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | (,) | CR. NO. 11-01018SOM |
| Plaintiff, | (,) | |
| vs. | (,) | INDICTMENT |
| ROBERT HENGEL, and (01)<br>SHANE DIEGHAN (02) | (,) | [Title 18 U.S.C. §§ 1028A<br>and 1343] |
| Defendant. | (,) | |

**DEFENDANT'S MOTION FOR DISCLOSURE
OF EXCULPATORY EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant ROBERT HENGEL, by and through his undersigned attorney, and files this Motion for Disclosure of Exculpatory Evidence, and would show this Honorable Court as follows.

I

The Defendant moves for the production by the Government of any and all evidence which would tend to exculpate him (that is, evidence which is favorable and material to the defense), or which would constitute impeachment of Government witnesses, or which would serve to mitigate punishment if any be imposed in this case.

II

This request includes, but is not limited to, the following:

1

     a.    Any evidence tending to show threats, promises, payments or inducements made by the Government or any agent thereof which would bear upon the credibility of any Government witness.

     b.    Any statement of any Government witness that is inconsistent with his accusatory statement that led to the indictment in this case.

     c.    Any statement of any Government witness that is inconsistent with testimony at trial.

     d.    Any prior conviction of any Government witness, which involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted, if any.

     e.    Any pending criminal charges against any Government witness.

     f.    Any specific instances of the conduct of any Government witness that would tend to show character for untruthfulness.

     g.    Any evidence tending to show that Defendant did not act knowingly, as alleged in the indictment.

     h.    Any evidence tending to show that Defendant was entrapped into committing any offense charged.

Defendant urges each of the foregoing specific requests as a separate, severable, and independent request.

### III

### In Camera Inspection

As to any evidence that is arguably subject to disclosure, but which the Government elects

not to disclose, Defendant moves for the Government to submit the material to the Court for *in camera* inspection.

IV

The Government is required to produce to the Defendant evidence which is favorable and material to his defense, as to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). This obligation runs to evidence in the actual or constructive possession of the Government, or accessible to it. *Calley v. Callaway*, 519 F.2d 184, 223 (5th Cir. 1975) (en banc), *cert. denied*, 425 U.S. 911 (1976). It includes evidence corroborative of a Defendant's defense. *Martinez v. Wainwright*, 621 F.2d 184, 188–89 (5th Cir. 1980).

V

The duty to disclose runs to matters tending to impeach a Government witness. *United States v. Auten*, 632 F.2d 478, 482 (5th Cir. 1980). This includes not only the prior criminal record of a witness but his entire "rap sheet" as well. *United States v. Auten, supra, Martinez v. Wainwright, supra*. It also includes inducements to a Government witness such as promises of leniency or non-prosecution. *See Giglio v. United States*, 405 U.S. 150 (1972).

VI

As to any evidence which arguably has a substantial basis for being material and favorable to the defense, if the Government elects not to disclose it, the Government should submit it to the Court for *in camera* inspection. *United States v. Agurs*, 427 U.S. 97, 106 (1976); *United States v. Diaz-Munoz*, 632 F.2d 1330, 1334 (5th Cir. 1980).

The *Brady* case requires production of disclosable evidence "at the appropriate time."

*Williams v. Dutton*, 400 F.2d 797, 800 (5th Cir. 1968). "Disclosure by the Government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pre-trial disclosure." *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir.) *cert. denied*, 429 U.S. 924 (1976). In a case where lack of pretrial discovery might result in prejudice to the defendant of a "substantial Due Process character," *Brady* may override the Jencks Act, 18 U.S.C. § 3500. *See United States v. Campagnuolo*, 592 F.2d 852, 860 (5th Cir. 1979). Production of evidence disclosable under *Brady* and related authorities should be sufficiently early to satisfy this important constitutional right. *See United States v. Nixon*, 634 F.2d 306, 311–313 (5th Cir.), *cert. denied* 454 U.S. 828 (1981) (agreement with Government witnesses should be disclosed in advance of trial).

WHEREFORE, premises considered, Defendant prays this Honorable Court will grant his Motion for Disclosure of Exculpatory Evidence.

Respectfully submitted.


*/s/ Keith S. Hampton*
KEITH S. HAMPTON
1103 Nueces St.
Austin, Texas 78701
(512) 476-8484
(512) 477-3580 (FAX)
Bar Number: Texas 08873230


*/s/ Thomas Otake*
THOMAS OTAKE
345 Queen Street, Ste 600
Honolulu, HI 96813
(808) 523-3325
(808) 599-1645
Bar Number:  Hawaii 007622


*Attorneys for Robert Hengel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Chris A. Thomas
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

*/s/ Keith S. Hampton*
KEITH S. HAMPTON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | (,) | CR. NO. 11-01018SOM |
| Plaintiff, | (,) | |
| vs. | (,) | INDICTMENT |
| ROBERT HENGEL, and   (01)<br>SHANE DIEGHAN         (02) | (,) | [Title 18 U.S.C. §§ 1028A and 1343] |
| Defendant. | (,) | |

# O R D E R

On this date came on to be considered Defendant's Motion for Disclosure of Exculpatory Evidence, and the motion is GRANTED.

The Government is hereby ORDERED to produce and disclose to Defendant those matters requested in his motion, as elucidated by the memorandum in support thereof.  As to any material arguably subject to disclosure which the Government elects not to disclose, the Government shall deliver that material to the Court for *in camera* inspection.

SIGNED this _____ day of _____, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE